29700.  ROACH *v*. ROACH.

DECIDED SEPTEMBER 15, 1942.

*Marvin A. Allison,* for plaintiff in error.   *W. L. Nix,* contra.

GARDNER, J.   J. E. Roach sued his father, E. S. Roach.   A verdict was directed for the plaintiff.   A motion for new trial was overruled, and the defendant excepted.

The petition alleged that the plaintiff had purchased at auction, for himself and his brother, certain lots according to a subdivision plat.   The lots were sold by an auctioneer who kept a record of the sale and the lots purchased.   There was outstanding at the time a security deed for a debt which the father owed on the property.   The aggregate amount of the lots which the sons purchased was $357.50.   It was agreed that the sons could pay this price by satisfying the owner of the security deed to the extent of their bid.   This was agreeable to the holder of the deed.   The plaintiff executed his secured note to such holder for $517.50, instead of the correct amount, $357.50, making a difference of $160, which, according to both the pleadings and the evidence, was included in the note by mutual mistake.   The father received credit for the $160 to which he was not entitled.   Immediately upon discovery of the mistake the son went to the father and laid the facts before him.   The father agreed to adjust it, but later declined to do anything about it, setting up a vague sort of claim that the boys were to pay off the security deed or to see that it was paid off, or that they understood that the father was to realize a sufficient amount from the sale to clear the debt of $1190 against the property.   It was proved that a portion of the property included in the security deed sold for more than enough to pay the secured debt and the commission of the auctioneer.   The defendant introduced no testimony.

We do not see that it would be of any benefit to enter into an extended discussion of this case.   When the record is viewed in the light of the opinion of this court in *Atlanta Telephone & Telegraph Co.* v. *Fain,* 16 *Ga. App.* 475 (2) (85 S. E. 791), it is apparent that the court did not err in directing the verdict for the plaintiff.

We are asked to assess damages for the reason that under the record it is evident the case was brought to this court for delay only.   This question is often quite difficult for an appellate court to determine, for the reason that good attorneys often, in good faith, have differences of opinion in applying facts to the law, and

we are therefore reluctant to impute bad motives to an attorney for fear that he might have been honestly mistaken in his application of the facts to the proper legal principles governing the same.  For this reason we decline to grant the motion to assess damages.

*Judgment affirmed.  Broyles, C. J., and MacIntyre, J., concur.*